UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60369-BLOOM/Valle

STATE FARM FLORIDA INSURANCE
COMPANY a/s/o XAVIER LOPEZ,

 Plaintiff,

v.

UNITED STATES OF AMERICA
and CHARLENE BRADFORD MILES,

 Defendants.
                /

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant United States of America's ("Defendant" or the "United States") Motion to Dismiss, ECF No. [18] (the "Motion"). Plaintiff State Farm Florida Insurance Company, as subrogee of Xavier Lopez, ("State Farm") filed a response, ECF No. [19] (the "Response"), to which the United States replied, ECF No. [20] (the "Reply"). The Court has carefully considered the Motion, the Response and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. Background**

State Farm initiated this action against the United States seeking damages arising from an accident between State Farm's insured, Xavier Lopez ("Lopez"), and a United States Postal Services ("USPS") truck driven by USPS employee, Charlene Bradford Miles ("Miles").[1] Lopez

---

[1] Miles was omitted as a Defendant in the Amended Complaint, ECF No. [16], and the Court dismissed her from this action on June 30, 2017. *See* ECF No. [21].

sustained injuries in the accident, for which State Farm paid $10,000.00 in uninsured/underinsured benefits. In this action, State Farm seeks to recover the $10,000.00 from the United States, pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2671, *et seq*. In the Motion, the United States seeks dismissal for lack of subject matter jurisdiction.

## II.     Legal Standard

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R.

Civ. P. 56.'"  *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).  Through this lens, the Court considers the instant Motion.

### III.   Discussion

The United States argues that it is not liable to State Farm for repayment of the benefit it paid to Lopez because the sovereign immunity waiver in the FTCA is expressly limited, and the United States is similarly situated to a private, insured party, not to an uninsured or self-insured party under Florida law, as maintained by State Farm.

"The United States cannot be sued except as it consents to be sued."  *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993).  "The terms of the federal government's 'consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  *JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  The FTCA authorizes suit against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .

28 U.S.C. § 1346(b)(1).  Thus, the FTCA is a limited waiver of sovereign immunity for these types of claims.  *JBP Acquisitions*, 224 F.3d at 1263.  Where the FTCA applies, the United States may be liable "in the same manner and to the same extent as a private individual under like circumstances . . . ."  28 U.S.C. § 2674.  However, the United States is liable only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  "This clearly means that state law cannot expand the Government's liability beyond that which could flow from an analogous private activity."  *Scheib v. Fla. Sanitarium & Benevolent Assoc.*, 759 F.2d 859, 864

(11th Cir. 1985). As a result, if a private person "under like circumstances" would be liable under Florida law in this case, the United States would be liable to State Farm.

State Farm relies upon the Florida Supreme Court's decision in *Young v. Progressive Se. Ins. Co.*, 753 So. 2d 80, 85 (Fla. 2000), and claims that the United States should be considered to be self-insured. Therefore, under Florida law, the United States is analogous to an uninsured for purposes of the Uninsured Motorists Statute ("UM Statute").

The UM Statutes provides that

> No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto **for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of** *uninsured motor vehicles* because of bodily injury, sickness, or disease, including death, resulting therefrom.

Fla. Stat. § 627.727(1) (emphasis added). The Court disagrees that the analogy to *Young* is applicable. *Young* is distinguishable from the case at bar for two principal reasons. First, in *Young*, the question presented was whether a provision in an insurance policy excluding a self-insured vehicle from the definition of "uninsured motor vehicle" for purposes of uninsured/underinsured coverage is permissible under Florida law and public policy. *Young*, 753 So. 2d at 81. Thus, the Florida Supreme Court was not asked to decide a question involving federal law or the FTCA. Second, the Sheriff's Office in *Young* was in fact self-insured—with a certificate of self-insurance that expressly limited coverage, up to $100,000 per person and $200,000 per occurrence. *Id.* at 82. In contrast, the United States does not have a certificate of self-insurance, nor is it otherwise subject to a liability limitation. Indeed, "[i]n *Young*, [the Florida Supreme] Court dealt with the meaning of 'insurance' in the Uninsured Motorists

Statute, holding that a self-insured party is not insured." *Intervest Constr. of Jax, Inc. v. Gen. Fidelity Ins. Co.*, 133 So. 3d 494, 505 (Fla. 2014). In contrast, in the case at bar, the Court is tasked with determining what constitutes "like circumstances" for purposes of the FTCA.

"The 'like circumstances' inquiry is designed to prevent state legislatures from using the United States' waiver of sovereign immunity under the FTCA as an occasion to 'enrich their own citizens at the expense of the deepest pocket.'" *Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1396 (10th Cir. 1993) (quoting *Carter v. United States*, 982 F.2d 1141, 1143 (7th Cir. 1992)). "Recognizing that the United States is seldom situated identically to private parties, however, the 'like circumstances' inquiry requires only that the United States be analogized to a similarly situated private party." *Id.* (citing *Indian Towing Co. v. United States*, 350 U.S. 61, (1955)). Indeed, "[a] state law cannot expand the waiver of sovereign immunity in the Federal Tort Claims Act." *Maradiaga v. United States*, 679 F.3d 1286, 1292-93 (11th Cir. 2012).

In applying these principles, the Court finds that the United States is more like an owner or operator of an insured vehicle, rather than self-insured, because unlike the Sheriff's Office in *Young*, the United States provides unlimited coverage to injured tort victims through the FTCA. Therefore, State Farm's reliance upon one isolated sentence in *Rogers v. United States*, 2016 WL 4805920, at *3 (S.D. Fla. Feb. 24, 2016), stating that the "United States is self-insured" to argue that the United States should be liable to State Farm in this case, is misplaced. In *Rogers*, the court did not undertake a 'like circumstances' analysis, and the parties did not dispute that the vehicle involved was uninsured. Here, the entire dispute revolves around whether the USPS truck should be properly considered to be self-insured, and therefore, uninsured, in accordance with *Young*. Moreover, the court in *Rogers* acknowledged, consistent with this Court's view, that "under *Young*, an insurer only owes uninsured motorist benefits for damages <u>exceeding</u> the

5

limits of self-insurer's liability . . . [and] the FTCA provides <u>unlimited</u> liability coverage to injured tort victims." *Rogers*, 2016 WL 4805920, at *4 n.4 (emphasis in original).  Because the United States provides unlimited coverage, damages cannot possibly exceed any liability limit in this case.  As a result, the United States is not analogous to an owner of an uninsured vehicle, and therefore remains immune from suit under the FTCA.  Thus, this Court lacks subject matter jurisdiction.

### IV.   Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [18]**, is **GRANTED**.  The Amended Complaint, **ECF No. [16]**, is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 20th day of July, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record